UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARREN TAYLOR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-196-CCB-SJF |
| RON NEAL, MARK NEWKIRK, MARTHAKIS, | |
| Defendants. | |

## OPINION AND ORDER

Darren Taylor, a prisoner without a lawyer, filed a complaint alleging he fell on the stairs at the Indiana State Prison. ECF 2-2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges he fell and was injured on January 15, 2024, when Correctional Officer Marthakis forced him to walk on icy stairs while handcuffed behind his back at the Indiana State Prison. ECF 2-2. Prison officials are not required to provide a maximally safe environment, but "they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). In *Anderson*, a prisoner stated an Eighth Amendment

claim when he fell after prison guards forced him to walk unassisted, while handcuffed behind his back, down stairs "slippery with milk, [and] also clogged with several days' of accumulated food and rubbish, creating an obstacle course." *Id.* at 682–83. The allegations here are analogous to those in *Anderson*. Taylor will be granted leave to proceed against Officer Marthakis.

Taylor sues Warden Ron Neal because he "is responsible for the safety, health and well-being of all inmates as well as the medical and healthcare services at the facility." ECF 2-2 at 2. Though true, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Warden Neal is not alleged to have participated or caused Taylor to walk unassisted on the icy stairs. He will be dismissed.

Taylor alleges Grievance Supervisor Mark Newkirk, Sr., did not properly process his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause ...." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Even if Grievance Supervisor Newkirk did not properly process Taylor's grievance(s), that is not a basis for liability. He will be dismissed.

For these reasons, the court:

2

(1) **GRANTS** Darren Taylor leave to proceed against Correctional Officer Marthakis in her individual capacity for compensatory and punitive damages for forcing him to walk on icy stairs while handcuffed behind his back to obtain insulin at the medical unit at the Indiana State Prison on January 15, 2024, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Ron Neal and Mark Newkirk;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Marthakis at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2-2);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 25, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3